UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC DANIEL, Petitioner, -v- SUPERINTENDENT, Respondent. | 25-CV-5251 (JMF) MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

Petitioner Eric Daniel, proceeding *pro se,* pleaded guilty in New York Supreme Court, Bronx County, to Attempted Murder in the Second Degree and was sentenced to twelve years' imprisonment followed by five years' supervise release. The Appellate Division affirmed his conviction, *see People v. Daniel*, 239 A.D.3d 489 (1st Dep't 2025), and the Court of Appeals denied leave to appeal, *see People v. Daniel*, 44 N.Y.3d 1010 (2025). He now petitions, pursuant to 28 U.S.C. § 2254, for the writ of habeas corpus. *See* ECF No. 8 ("Am. Pet."). In his amended petition, Daniel contends that (1) his sentence was excessive given his status as a "first time felony offender," Am. Pet. 3, and (2) he has "a record of me[n]tal health trauma," *id.* at 6. Respondent argues that Daniel's claims are procedurally barred and, in any event, without merit. *See* ECF No. 17 ("Resp.'s Mem."), at 10-18. The Court need not and does not address the first argument because it agrees that Daniel's claims fail on the merits.

First, Daniel's claim that his sentence was excessive is not cognizable on federal habeas review. And to the extent this claim could instead be construed as an Eighth Amendment challenge to the proportionality of his sentence, it fares no better. It is well established that "[a]n excessive sentence claim may not provide grounds for habeas corpus relief where a petitioner's

sentence is within the range prescribed by state law." *Edwards v. Superintendent*, Southport C.F., 991 F. Supp. 2d 348, 372 (E.D.N.Y. 2013); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."). Here, Daniel's sentence — twelve years' imprisonment followed by five years of supervision — falls well within the range prescribed by state law for a first-time offender convicted of a Class B violent felony. *See* N.Y. Penal Law § 70.02(3)(a) (providing that, for a class B violent felony offense, "the term must be at least five years and must not exceed twenty-five years"); *id.* at 70.45(2)(f) (providing that, for a determinate sentence imposed pursuant to section 70.02(3) upon a conviction of "a class B or class C violent felony offense," the period of post-release supervision "shall be not less than two and one-half years nor more than five years"). And Daniel's is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring in part and concurring in the judgment). On its face, therefore, Daniel's excessive sentence claim is not cognizable under federal habeas law. *See, e.g., Keita v. Fields*, No. 20-CV-6154 (JMF), 2020 WL 6647288, at *2 (S.D.N.Y. Nov. 12, 2020) (denying an excessive sentence claim where, as here, the challenged sentence was within the range prescribed by state law).

Daniel's second claim — that he has "a record of me[n]tal health trauma," Am. Pet. 6 — fares no better. For starters, it is not entirely clear whether the claim is an attack on his conviction or on the sentence that he received. Daniel ties it to his request for a lower sentence, not to any request to vacate his plea. And he describes its source as a "sentence reduc[tion] motion," Am. Pet. 6, and requests as relief a shorter term of imprisonment, not withdrawal of his guilty plea. So, he does not appear to be challenging his competency to plead guilty — as

opposed to the sentence that followed. But in any event, any challenge to his conviction would fail, as it would be contradicted by the record. At his plea, Daniel confirmed that he was not under the influence of anything affecting his understanding, that he had discussed the plea fully with counsel, and that he was satisfied with counsel's representation. *See* ECF No. 18, at 10-11. He then accurately allocuted to the elements of the offense. *See id.* at 16. There is no basis to conclude, therefore, that Daniel was unable "to consult with his lawyer with a reasonable degree of rational understanding" or that he lacked "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (discussing the standard for competency to stand trial); *see Godinez v. Moran*, 509 U.S. 389, 396-98 (1993) (holding that the competency standard for pleading guilty is no higher than the competency standard for standing trial); *see also* ECF No. 18, at 10-16 (Daniel affirming that he understood the proceedings against him and that he had adequately discussed them with his lawyer).

To the extent Daniel means to argue instead that the sentencing court was constitutionally required to weigh his mental health more heavily than it did, the argument borrows from the rule that, in considering the death penalty, a court or jury may not be precluded from considering relevant mitigating evidence. *See Eddings v. Oklahoma*, 455 U.S. 104, 110-12 (1982); *Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) (plurality opinion). The Supreme Court, however, has confined that individualized-sentencing requirement to capital cases and has declined to extend it further. *See Harmelin*, 501 U.S. at 994-96 (plurality opinion). Daniel therefore had no federal constitutional right to have the sentencing court weigh his mental health in any particular way, so long as his sentence fell within the range New York law authorizes, as it did. *See White v. Keane*, 969 F.2d at 1383. In any event, here too, the premise of Daniel's claim is contradicted by the record. Respondent represents, without contradiction, that a psychological evaluation of

Daniel was performed before his plea and sentencing and was available to the sentencing court. *See* Resp.'s Mem. 18 (citing ECF No. 16-1, at 84-88).

For the foregoing reasons, Daniel's petition must be and is DISMISSED. As Daniel has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is thus denied. *See, e.g.*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Daniel and to close this case.

SO ORDERED.

Dated: August 11, 2026
New York, New York

JESSE M. FURMAN
United States District Judge